## 12279. BENNETT v. BROWN.

STEPHENS, J. 1. Where property is sold under an express warranty by the seller that it is of a particular kind and quality free from certain named defects, an acceptance of the property by the purchaser, even after inspection and even though such inspection could have disclosed the existence of the defects warranted against, will not, in the absence of actual knowledge by the purchaser of the existence of any of the de- ·fects warranted against, preclude him from relying upon such express warranty. *Cook* v. *Finch,* 117 *Ga.* 541 (44 S. E. 95).

2. While it is possible that the defect warranted against may be so patent as to demand the conclusion that it would be disclosed from the inspection made by the purchaser, yet where, as in the instant case, the property sold consisted of a number of cowhides in a raw state, from which the hair had not been removed, and the warranty of the seller being that the hides were free from ticks, and there being evidence to support the conclusion that the defective condition could not readily be ascertained from an inspection of the hides in the raw state, even though it was possible at the time to detect the existence of such defect, but that such defect could only be satisfactorily ascertained after the hair had been removed from the hides, the inference is not demanded, as a matter of law, that the purchaser, when inspecting the hides upon delivery in the raw state, acquired actual knowledge of the existence of the defect warranted against.

3. This being a suit for the breach of such express warranty in the contract, instituted by the purchaser against the seller after the former had accepted and paid for the hides purchased, it was, under the evidence, a question for the jury to determine whether or not the failure of the purchaser to notify the seller of the breach of the warranty until after a period of seven or eight months from the time of acceptance, and until after the hair had been removed from the hides after the purchaser had resold them, constituted an unreasonable delay on the part of the purchaser in complaining to the seller of the breach of the warranty expressed in the contract.

4. The evidence authorized the verdict rendered for the plaintiff; and there was no error in the rulings made upon the admission of testimony, or in the charge of the court, as complained of in the motion for a new trial.     *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
DECIDED FEBRUARY 28, 1922.

Action for breach of warranty; from city court of Atlanta — Judge Reid.   January 15, 1921.

*J. L. Anderson, John T. Pearson,* for plaintiff in error.

*George B. Rush,* contra.