## 15311.    STEDHAM *v.* FARMERS STATE BANK.

STEPHENS, J.    1. Where one was induced by the creditor of another to become surety upon a promissory note executed by the debtor under an agreement with the creditor, by the terms of which the creditor was to procure from the maker of the note a deed conveying certain land to the surety, as security against loss, evidence tending to establish the contract, which was in parol, to the effect that if such person would become surety upon the note, the creditor would procure such deed and guarantee him against any loss by reason of "fixing up" a deed from the principal to the surety, and "have it recorded and guarantee him [the surety] that the deed was well worth the money, . . that the property was well worth the debt, and that [the surety] would suffer no loss by signing it," and that "on that assurance [the surety] signed that note," and evidence that the deed was actually procured by the creditor and recorded and delivered to the surety, authorizes the inference that by the terms of the agreement the creditor warranted and obligated itself to procure a deed properly and legally executed before the requisite number of witnesses, and such a deed as would be legally entitled to record, and that the creditor would actually have the deed recorded and delivered to the surety.

2. Such an agreement, although it may be established only by inferences drawn from the evidence, nevertheless contains an express warranty that the deed shall be of the kind and character contracted for. Upon this express warranty the surety to whom the deed was delivered would have a right to rely, and he would be under no duty to make any inspection of the deed or to exercise any diligence for the purpose of ascertaining whether the creditor had complied with such warranty. *Means v. Suber*, 115 *Ga.* 371 (41 S. E. 633); *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95); *Bennett* v. *Brown*, 28 *Ga. App.* 256 (110 S. E. 745).

3. Where the deed was in fact defective by reason of having been executed in the presence of only one witness, but the defect was not actually known to the surety, and where the surety made no inspection of the deed, but where, by reason of such defective execution, the value of the security was lost to the surety, the surety would not be precluded, in a suit against him by the creditor, from defending upon the ground of the creditor's breach of such express warranty. It was therefore error, in such a suit, where there was evidence to the above effect, to charge the jury that if the contention of the surety was true, "the burden would be on [him] to exercise ordinary care and diligence as a prudent man to see that this deed was executed according to the terms or properly recorded and witnessed," and "if he failed and neglected to do that, . . he would have contributed to his own injury, . . and could not complain at the action of the [creditor]."

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 12, 1925.    REHEARING DENIED FEBRUARY 28, 1925.

Complaint; from city court of Carrollton—Judge Hood. December 22, 1923.

Application for certiorari was denied by the Supreme Court.

*S. Holderness,* for plaintiff in error.

*Smith, Hammond & Smith, Boykin & Boykin,* contra.