## 37373. WATSON v. KNOX METAL PRODUCTS, INC.

TOWNSEND, Judge. 1. Where it appears from the plaintiff's petition that a department of the armed forces, the National Guard, ordered certain automotive equipment from General Motors, Inc.; that General Motors offered to the plaintiff Watson Automotive Equipment Company an opportunity to bid on certain of the equipment; that the plaintiff queried the defendant as to its price on 2,500 14-foot truck bodies, and forwarded "along with the invitation to bid and *as a part of the contract* the specifications and conditions for construction for the said equipment which were contained in (IFB) ORD-20-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"; that this document contained the following: "Contractor shall be required to guarantee the vehicles and parts thereof against defective material and workmanship for a period of one year from date of acceptance or 4,000 miles, whichever may occur first. The guarantee shall consist of the replacement of defective assemblies or parts without cost to the Government, f.o.b. manufacturer's nearest dealer, or to the original destination, whichever is designated by the using agency. When replacement parts are to be provided outside the continental limits of the United States, the part or parts shall be delivered f.o.b. the designated port of embarkation," and where the defendant's bid specifically states that it is for the materials as specified in said Government order, the petition as against demurrer must be construed as alleging that the subject matter of the contract was understood by the parties to refer to manufacture of equipment for use by the ultimate purchaser, the U. S. Government. Where the bid is accepted and the truck bodies manufactured in accordance with Government specifications by the defendant, invoiced to the plaintiff and shipped by the defendant directly to General Motors, Inc., for delivery to the U. S. Government, that part of the bid invitation and contract guaranteeing the parts against defective material "for a period of one year from date of acceptance or 4,000 miles, whichever may occur first" shows a clear intent on the part of the contracting parties to refer to acceptance by the U. S. Government, which prepared the contract specifications, rather than acceptance by the plaintiff. This is especially apparent since the warranty clauses are referred to in the next paragraph as "the rights of the Government." Accord-

ingly, the petition is not subject to general demurrer on the ground that some of the attached invoices show shipment of some of the truck bodies by the defendant to General Motors Inc., prior to the alleged acceptance date of February 7, 1956.

2. Where it is alleged that the truck bodies in question were accepted on February 7, 1956; that they were defective in material and workmanship in designated respects in that green lumber had been used which warped and exuded resin, and that the National Guard made complaint to General Motors of the condition in September, 1956, at which time none of the trucks had been driven as much as 4,000 miles, it appears that the alleged defects in material and workmanship became apparent and were reported by the consumer within the 12-month warranty period. The petition accordingly sets out a cause of action for breach of such warranty and shows a right in the plaintiff to bring this action, it being further alleged that the plaintiff, as contractor with General Motors Corporation and in order to make good its warranty to General Motors and the warranty of General Motors to the Government, replaced the defective material at a cost of $2,142.26, the amount for which this action is brought. What is said here is in no wise contrary to the well recognized rule stated in 46 Am. Jur. 489, Sales, § 307 that "the benefit of a warranty on the sale of personalty does not run with the chattel on its resale and does not inure to the benefit of a subsequent purchaser of the chattel so as to give him any right of action on the warranty as against the original seller." The warranty here sued on was between the plaintiff and the defendant in this case; nevertheless, the contract as a whole shows an intention on the part of both parties to manufacture goods for use by the U. S. Government according to conditions prepared by it of which the "one year or 4,000 miles" warranty was one, and the warranty is thus construed as meaning, as it must have meant to both parties, use for one year or 4,000 miles by the ultimate purchaser for which the goods were prepared.

3. It is further contended that the defendant is not liable because notice of the breach of warranty was not given to it within one year. It appears that notice was given by the National Guard to General Motors in September, 1956, within the one-year period. It does not appear when General Motors gave notice to the plaintiff. The plaintiff notified the defendant on April

12, 1957, and paid the claim on April 29, 1957, thus perfecting its right of action at that time.

Where notice to the manufacturer within a specified time is by the contract made a condition precedent to recovery on a breach of warranty, the notice must be given as prescribed in the contract. *Malsby & Avery* v. *Young,* 104 *Ga.* 205 (30 S. E. 854); *Walker & Rogers* v. *Malsby Co.,* 134 *Ga.* 399 (67 S. E. 1039); *Brooks Bros. Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754(2) (72 S. E. 40). Where no time for notice is specifically set forth, notice may be given within a reasonable time, the question ordinarily being for the jury. *Bennett* v. *Brown,* 28 *Ga. App.* 256 (110 S. E. 745). In that case 6 or 7 months was held not an unreasonable time as a matter of law. Where the delay in giving notice in any way prejudices the rights of the defendant, it would seem that this is matter of defense. See *Gray* v. *Consolidated Ice-Machinery Co.,* 103 *Ga.* 115 (29 S. E. 604). In the present case the contract as alleged requires that the defect be discovered within a year, but does not require that notice of such discovery be conveyed to the defendant during such period. The petition is accordingly not subject to general demurrer on the ground that the notice was not given to this defendant within the one-year warranty period, it having been given to the main contractor to whom the U. S. Government looked for the fulfillment of its contract.

The trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED OCTOBER 22, 1958.

*Kenneth E. Goolsby, George W. Fryhofer,* for plaintiff in error. *Lewis & Lewis, Knox & Neal,* contra.