## 16636.  DANIEL v. CITY OF CLAXTON et al.

BELL, J.  1. "Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6503, 6506), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve constructon of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.* v. *Atlanta*, 149 *Ga.* 114 (1) (99 S. E. 374).

2. This case having gone first to the Supreme Court, the judgment of that court transferring it to this court would seem to imply that the case is not one involving a construction of the constitution within the rule set forth in the preceding paragraph. *Stone* v. *Edwards*, 32 *Ga. App.* 479 (1) (124 S. E. 54); *Bolton* v. *Newman*, 22 *Ga. App.* 15 (1) (95 S. E. 472); *Davis* v. *Rowe*, 23 *Ga. App.* 188 (1) (98 S. E. 231).

3. Where a city owning and operating a water and light plant as a single enterprise or unit submits to the qualified voters the question of the issuance of bonds in the sum of $20,000 to be applied as follows: $19,000 to purchasing and installing "crude oil engines for the water and light plant . . for the purpose of furnishing water and electric lights and power to said city," and $1,000 to be applied to installing a water main along a named street in the city, the uses to which the proceeds in the sum of $19,000 and in the sum of $1,000 were to be applied respectively were not so distinct and independent as to require a separate vote as to the issuance of the bonds in these sums. *Rea* v. *LaFayette*, 130 *Ga.* 771 (61 S. E. 707); *Gracen* v. *Savannah*, 142 *Ga.* 141 (2) (82 S. E. 453).

(a) The court did not err in overruling the demurrer of the intervenors attacking the petition of the solicitor-general upon the ground that it appeared that two distinct and independent propositions for the issuance of bonds had been submitted to the voters without provision being made for a separate vote on each.

(b) Evidence that $1,000 would have paid for the installation of a water main of only about one tenth of a mile in length was incompetent to show that the sum to be so applied was for a separate and distinct use from that to be made of the $19,000, and the court did not err in rejecting such evidence offered by the intervenors.

4. Under article 7, section 7, paragraph 1, of the constitution of the State as amended in 1918 (Park's Code Supp. 1922, § 6563; Ga. L. 1918, p. 99), before any county, municipality, or division of the State shall be authorized to incur a debt, it must obtain the assent of two thirds of the qualified voters thereof, voting at an election for that purpose, and the

Appeal and Error, 4 C. J. p. 1001, n. 32.
Courts, 15 C. J. p. 1040, n. 63.
Elections, 20 C. J. p. 59, n. 24 New; p. 76, n. 46.
Municipal Corporations, 28 Cyc. p. 1590, n. 67, 70; p. 1656, n. 70.

two thirds so voting must constitute a majority of the "registered voters." A registered voter is one who has been lawfully registered and who has the present right to vote. Persons who may have been entitled to be registered and may have been lawfully registered are not registered voters at a given time thereafter if since their registration they have for some reason become disqualified to vote. Persons who were not qualified to vote in the election should not be considered as registered voters in ascertaining the results thereof, although their registration was legal and proper when made. *Chapman* v. *Sumner School District*, 152 *Ga.* 450, 456; *Brown* v. *Atlanta*, 152 *Ga.* 283 (3) (109 S. E. 666); *Davis* v. *Warde*, 155 *Ga.* 748 (4) (118 S. E. 378); *Pace* v. *Raleigh*, 140 N. C. 55 (2) (52 S. E. 277); *Williams* v. *Commissioners*, 176 N. C. 554 (2) (97 S. E. 478).

(a) The petition of the solicitor-general in the instant case, having alleged that the "registered qualified voters of said city at the time of holding an election entitled to vote in said election" were a certain number stated, was not subject to demurrer upon the ground that it did not show the number of registered voters, within the meaning of the constitutional provision above referred to.

5. The charter of the city of Claxton provides that the qualified electors at any election held under the authority of the mayor and council shall, in addition to other qualifications, "be persons who are qualified to vote for members of the General Assembly." See Ga. L. 1911, p. 942, § 8. But the failure of a taxpayer to make a *return* of his taxes as required by law is not, without more, a ground for disqualifying him as a voter for members of the General Assembly. As to taxes, it is only *nonpayment* which will disqualify the voter, and even this is not a disqualification if, as in the instant case, the election is held within six months from the expiration of the time fixed by law for the payment of such taxes. *Turk* v. *Royal*, 34 *Ga. App.* 717 (3) (131 S. E. 119); Civil Code (1910), §§ 34 (3), 36, 39, 6397.

(a) The court erred in admitting evidence to show that certain persons who had registered in December, 1924, made no return of taxes to the county for that year, and in holding that because of the failure to make such returns they should not be considered as "registered voters," in ascertaining the result of the election. Since the effect of that ruling was to eliminate a number of registered voters who did not appear to be otherwise disqualified and to reduce the number of registered voters so that the two thirds of those voting constituted a majority of the registered voters when, except for such ruling, such two thirds would have been less than a majority of the registered voters, the error fundamentally affected the final judgment and was prejudicial.

6. The charter of the city of Claxton provides for the registration of voters and declares that the mayor and council are empowered to call any bond or other special election, and that in such election "the last registration list shall govern as to the legal voters at such election." The charter further authorizes the mayor and council "to provide by ordinance for the registration of voters upon such terms as they may prescribe," not inconsistent with law. Ga. L. 1911, p. 942; Ga. L. 1920, p. 861. While a revision of the list of registered voters as shown upon the registration book, to determine who should be counted as registered voters in ascer-

taining the result of a bond election, would not be the equivalent of providing a special registration, contrary to the amendment to the constitution as referred to above (Ga. L. 1918, p. 99; *Brown* v. *Atlanta,* supra; *Chapman* v. *Sumner School District,* supra; *Sheffield* v. *Patmos School District,* 157 *Ga.* 660 (6) (122 S. E. 57); *Cowart* v. *Waycross,* 159 *Ga.* 589 (2) (126 S. E. 476)), the court nevertheless erred in admitting in evidence a so-called list of the registered voters taken from the registration book but *revised* by certain members of the city council appointed for that purpose by the mayor, when, so far as appears, no ordinance had been enacted providing for registrars or authorizing the mayor to make such appointments. See *Sheffield* v. *Patmos School District,* supra; *Smith* v. *Dublin,* 113 *Ga.* 833 (2) (39 S. E. 327); *McDonald* v. *Lane,* 80 *Ga.* 497 (5 S. E. 628); *Hill* v. *Atlanta,* 125 *Ga.* 697 (2) (54 S. E. 354); *Herrington* v. *State,* 103 *Ga.* 318 (1) (29 S. E. 931, 68 Am. St. R. 95); *Wright* v. *Davis,* 120 *Ga.* 670 (3), 674 (48 S. E. 170); *Bedingfield* v. *First National Bank,* 4 *Ga. App.* 197 (1) (61 S. E. 30); *Parrish* v. *Town of Adel,* 144 *Ga.* 242 (86 S. E. 1095). It is unnecessary to decide in the instant case whether under the above or other provisions of the city's charter such an ordinance, if enacted, would be valid.

7. The question as to the sufficiency of the advertisement of the notice of the election, not having been raised either in the trial court or in the bill of exceptions, is not decided. See *Rea* v. *LaFayette,* 130 *Ga.* 771, 777 (61 S. E. 707).

> *Judgment reversed.    Jenkins, P. J., and Stephens, J., concur.*
> DECIDED FEBRUARY 19, 1926.

Bond validation; from Evans superior court—Judge Strange. May 9, 1925.

*R. M. Girardeau, R. H. Burroughs,* for plaintiffs in error.

*H. H. Durrence, P. M. Anderson, J. Saxton Daniel, solicitor-general,* contra.