34953. ROSE *v.* MAYOR &c. of THUNDERBOLT.

DECIDED FEBRUARY 4, 1954.

*Sullivan & Maner,* for plaintiff in error.

*Julius S. Fine,* contra.

CARLISLE, J. Money paid out by way of taxes or fines is voluntary, and may not be recovered back unless payment is made involuntarily and under duress, under an urgent and immediate necessity therefor, or to release or prevent immediate seizure of person or property. Code § 20-1007. Where, however, one is convicted in a recorder's court, which has power to convict only under valid city ordinances, and no valid ordinance authorizes such conviction, payment of a fine to prevent immediate seizure of the person is not a voluntary payment, and may be recovered back. *Clay* v. *Drake,* 66 *Ga. App.* 544 (18 S. E. 2d 516).

This case turns upon whether the petition sufficiently alleges the payment of the fine to prevent immediate imprisonment

under a sentence in the Mayor's Court of Thunderbolt for a conviction not under any valid ordinance of such town. The petition alleges affirmatively that the defendant was convicted of a violation of a State law, i.e., the legislative act establishing the town charter, and that the threatened imprisonment was illegal, the judgment void, and the conviction a nullity, for the reason that the statute under which the defendant was convicted was not an ordinance or criminal law, and that it provided no authority upon anyone to impose such conviction or sentence. We consider these allegations sufficient to set forth affirmatively that the defendant was convicted, as alleged directly, under the charter statute, and not under some unpleaded ordinance other than the statute in question. It is therefore necessary only to decide whether such a conviction would be absolutely void, for, if not, it cannot be the subject of a collateral attack such as this; but, if so, the payment under such void judgment for the sole purpose of preventing imprisonment of the person was made under duress, and might therefore be recovered.

As stated in *Hall* v. *City of Macon*, 147 *Ga.* 704, 709 (95 S. E. 248) : "A valid municipal ordinance is the foundation of its jurisdiction. The charter confers the power to acquire jurisdiction . . . but jurisdiction, in the proper sense of the term, is not vested in the mayor and council by the provisions of the charter itself. The charter is not and was not intended to be self-operating." In *Stembridge* v. *Wright*, 32 *Ga. App.* 587 (2) (124 S. E. 115), it is held, "In no event has a municipal magistrate jurisdiction to assess a fine against a person for the violation of a State statute." See also *Daniel* v. *City of Claxton*, 35 *Ga. App.* 107 (6) (132 S. E. 411). It follows, therefore, that the mayor, sitting in court in a judicial capacity, had no jurisdiction to assess a fine against the plaintiff here for a violation of the charter of the town, which existed as a State statute and which was not self-operating, since the mayor had no jurisdiction of the subject matter involved. Under these circumstances, a collateral attack on the judgment is permissible. Code § 110-701. Whether or not there was a valid ordinance of the Town of Thunderbolt covering the misconduct of the defendant is immaterial, since the allegations of the petition show affirmatively that the defendant was tried for the violation of the charter and ac-

cordingly was not tried for the violation of any ordinance. Also, the judgment of the trial judge sustaining the demurrer discloses that the petition was considered by him on the basis of charging that the defendant was tried for the violation of the State statute or charter, and not for the violation of any ordinance of the town. This case differs from *White* v. *Tifton*, 1 *Ga. App.* 569 (57 S. E. 1038), in that there it was contended merely that the judgment was erroneous, not that it was absolutely void for lack of jurisdiction.

There is nothing in the decision in *Rose* v. *Mayor &c. of Thunderbolt*, 86 *Ga. App.* 867 (72 S. E. 2d 823), which would require a different decision, since the judgment of affirmance of this court was based merely upon the fact that the petition for certiorari appealing the original conviction was properly dismissed where it was too defective for consideration.

If in fact the plaintiff in error actually was tried for the violation of an ordinance enacted pursuant to the charter provisions, this defense, of course, may be set forth in the answer; but, as pointed out, if the conviction was based on the charter itself, in accordance with the allegations of this petition, the petition sets forth a cause of action, and the trial court erred in sustaining the demurrer thereto and dismissing the petition.

*Judgment reversed.* *Gardner, P. J., and Townsend, J., concur.*