19842. TIPPINS *v.* COBB COUNTY PARKING AUTHORITY *et al.*

ARGUED SEPTEMBER 11, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

Ben F. Smith, for plaintiff in error.

Raymond M. Reed, Powell, Goldstein, Frazer & Murphy, Robt. E. Coll, contra.

HAWKINS, Justice. This case is here on writ of error complaining of a declaratory judgment of Cobb Superior Court declaring constitutional and valid the Cobb County Parking Authority Act (Ga. L. 1957, p. 2744), and the actions taken and proposed to be taken thereunder, including the proposed issuance of revenue bonds by the Parking Authority. The act is alleged to be unconstitutional because violative of several enumerated provisions of the Constitution, among them being Article 7, Section 7, Paragraph 5 of the Constitution of 1945 (Code, Ann., § 2-6005), which provides in part: "Revenue anticipation obligations may be issued by any county, municipal corporation or political subdivision of this State, to provide funds for the purchase or construction, in whole or in part, of any revenue-producing facility which such county, municipal corporation or political subdivision is authorized by the Act of the General Assembly approved March 31st, 1937, known as the 'Revenue Certificate Laws of 1937,' as amended by the Act approved March 14, 1939, to construct and operate, or to provide funds to extend, repair or improve any such existing facility. . . . This authority shall apply only to revenue anticipation obligations issued to provide funds for the purchase, construction, extension, repair or improvement of such facilities and undertakings as are specifically authorized and enumerated by said Act of 1937, as amended by said Act of 1939."

It is conceded by counsel for the Parking Authority that parking garages or facilities are not mentioned in either the 1937 or 1939 acts of the General Assembly providing for issuance of revenue certificates or bonds, but they insist that this constitutional provision is applicable only to "any county, municipal corporation or political subdivision of this State," and that the revenue-bonding powers of the Cobb County Parking Authority are not limited by this provision of the Constitution, since it is a separate and distinct body corporate and politic. While strictly speaking the Parking Authority is neither a county,

municipal corporation, nor political subdivision of this State, the title of the act creating the Parking Authority says that it is "An Act to create the 'Cobb County Parking Authority' as a public body corporate and an instrumentality and agency of the State." Section 3 of the act defines it as "a body corporate and politic, an agency, instrumentality and public corporation of this State, with perpetual existence," with the right to construct and operate such projects within the boundaries of said county as may be necessary to carry out the purposes of the act. Section 2 (c) defines the projects which it is authorized to acquire, maintain, and operate as "Facilities and services necessary or convenient and all property, real, personal or mixed, used or useful, including franchises and easements, in constructing, erecting, maintaining and operating motor vehicle parking facilities, and the operation, maintenance, improvement and extension of any part thereof, as to which the authority has undertaken or agreed to undertake any action permitted by the terms of this Act, or as to which any such action has been completed. The term 'project' shall also include any area or space of any parking facility *reserved for lease or rental to commercial enterprises.*" (Italics ours.) Section 4 (a) provides that "The Authority shall consist of the commissioner of roads and revenues of Cobb County, who shall be a member ex-officio, and four additional members who shall be appointed by the said commissioner." Section 9 of the act undertakes to exempt its bonds and the income thereof from all taxation within the State; and section 21 provides that "It is hereby found, determined and declared that the creation of the authority and the conduct of its corporate purposes is in all respects for the benefit of the people of this State and of Cobb County," and it will be performing an essential governmental function. Despite this declaration by the act that the Authority will be performing an essential governmental function, the furnishing of facilities and services necessary or convenient in constructing, erecting, maintaining, and operating motor-vehicle parking facilities, and any area or space of any parking facility for lease or rental to commercial enterprises, is a service or function ordinarily performed by private enterprise, and is not a governmental function. Certainly, under the unanimous decision of this court in *Beazley* v. *DeKalb County,* 210

*Ga.* 41 (77 S. E. 2d 740), the county itself would not be authorized to issue revenue certificates or bonds for the purpose of engaging in the business of acquiring, maintaining, and operating parking facilities and space for lease or rental to commercial enterprises, which could include mercantile and manufacturing establishments; and the Parking Authority, being an agency of the county, could not be clothed with greater power or authority than its princpial. The county cannot do by indirection that which it could not do directly, for there can be conferred upon an agent no greater power than that possessed by the principal. See, in this connection, Code §§ 4-103 and 4-201; *Dorsett* v. *Garrard*, 85 *Ga.* 734 (11 S. E. 768); 2 C. J. S. Agency 1183, § 91 (b). Under the authority of the *Beazley* case, supra, we hold that the present act, undertaking to create the Cobb County Parking Authority and authorizing the issuance of revenue certificates or bonds for the purposes therein specified, contravenes and violates Article 7, Section 7, Paragraph 5 of the Constitution of Georgia (Code, Ann., § 2-6005), and that the trial court erred in sustaining its validity.

The decisions of this court in *Sheffield* v. *State School Building Authority*, 208 *Ga.* 575 (68 S. E. 2d 590); *McLucas* v. *State Bridge Building Authority*, 210 *Ga.* 1 (77 S. E. 2d 531); *State of Ga.* v. *State Toll Bridge Authority*, 210 *Ga.* 690 (82 S. E. 2d 626); and *State of Ga.* v. *Georgia Rural Roads Authority*, 211 *Ga.* 808 (89 S. E. 2d 204), do not require a different ruling from that here made, for the reason that in each of those cases the authorities there dealt with were performing purely governmental functions, or were engaged in activities which the State or other political subdivisions could themselves lawfully undertake, and under the Constitution of 1945, Article 7, Section 6, Paragraph 1 (Code, Ann., § 2-5901), were authorized to contract for the performance thereof by any public agency, public corporation, or authority. While this distinction may not apply to the housing-authority decision in *Williamson* v. *Housing Authority of Augusta*, 186 *Ga.* 673 (199 S. E. 43), this court, as now constituted, is not willing to extend the ruling there made to cover a situation such as that presented by the present record.

Since the above ruling is controlling, other questions raised will not be passed upon.

*Judgment reversed. All the Justices concur.*