59055. CITY OF NORCROSS et al. v. TAYLOR et al.

QUILLIAN, Presiding Judge.

This appeal was taken from a judgment for the plaintiffs in a declaratory judgment action. The plaintiffs sought a declaration that imposition of a certain charge for water and sewer service was unauthorized under the provision of a Water and Sewer Ordinance of the City of

Norcross; they also sought recovery of amounts previously paid for such service.

The trial judge made the following findings of fact based on the stipulation of the parties:

"Defendant City of Norcross is a municipal corporation located in the County of Gwinnett, State of Georgia, and all other defendants named in the complaint are the duly elected and appointed officers of said municipal corporation.

"Plaintiffs in this action consist of two business entities, including a tenancy in common composed of R. Josiah Taylor, Thomas C. Graham and John E. Garner, d/b/a Tripple Creek Apartments Phase I and T. & G. Investments, Limited, a Georgia Limited Partnership, d/b/a Tripple Creek Apartments, Phase II.

"Said apartment complexes are located within the City of Norcross and are subject to the lawful ordinances enacted by the City of Norcross.

"The Water and Sewer Ordinance, a copy of which is attached to plaintiffs' complaint as Exhibit 'A' was adopted by the City of Norcross, acting through its official representatives, on September 6, 1977 and became effective in May of 1978. Said ordinance, as amended, remains in effect as of this date.

"Section 1 of the ordinance sets forth the classification of all types of accounts and customers serviced by the water and sewer system of the City of Norcross and further sets forth monthly rates for water and sewer usage. Although the specific rates have been increased from time to time, the categories or types of accounts have remained constant at all times pertinent hereto.

"Said Section 1, subparagraph 1 of the ordinance sets forth specific monthly rates for water and sewer usage for the following categories: 'firms, businesses, and persons under the age of 65.' A separate and distinct category is established in Section 1, subsection 2 of the ordinance for users over 65 years of age. Section 1, subsection 5 of the ordinance provides a third possible rate structure for 'extraordinary circumstances,' such as multiple dwelling units which shall be governed by special contracts made by the Mayor and council on

recommendation of the City's engineer.

"A special contract pursuant to Section 1 subsection 5 of the ordinance requires the recommendation of the City engineer. The City engineer has specifically refused to recommend a special contract to plaintiffs in this action.

"Absent a special contract pursuant to Section 1, subsection 5, the only lawful application of the ordinance to these plaintiffs is pursuant to Section 1, subsection 1.

"The City of Norcross has issued bills to each plaintiff in their respective business names and to their respective accounts with the City, to-wit: Account Number 05121600 for Tripple Creek Phase I and Account Number 05143400 for T & G Investments (Tripple Creek, Phase II).

"In the computation of the bills issued, defendant City of Norcross has not billed the two plaintiffs as two firms, two businesses or two persons, but rather as 320 different accounts.

"As a result of said billing procedures, plaintiffs receive a total of 320 separate minimum billing charges, in addition to charges for water and sewer usage over the stated minimum amount. The result of this billing is the receipt by plaintiffs of a total of 318 minimum charges in addition to the number of minimum charges authorized by Section 1, subsection 1.

"As a further result of said billing procedures, plaintiffs have paid to the defendant City of Norcross the sum of $13,484.32 as of the date of filing of their complaint in excess of the amount which would have been billed and paid had the City charged each of Phase I and Phase II as either a firm, business or person as set out in Section 1, subsection 1 of the ordinance. Said charges, as computed by defendant City of Norcross continue to accrue at the monthly rate of $1,567.70 per month in excess of charges properly based upon one minimum charge for each of Phase I and Phase II.

"Plaintiffs specifically requested a special contract from the City of Norcross, enabling them to be billed pursuant to a negotiated rate as a multiple dwelling complex, however the City of Norcross refused to take such action.

"Section 8 of the ordinance sets forth the penalties for non-payment of bills rendered by the City of Norcross, which include, among others, the termination of water and sewer service."

Based on the recited facts he entered the following conclusions of law:

"Defendants' action in causing bills to issue to plaintiffs for water and sewer service is not authorized pursuant to the water and sewer ordinance of the City of Norcross, enacted on September 6, 1977 and made effective in May of 1978.

" Absent a special contract as contemplated in Section 1 subsection 5 of the ordinance, plaintiffs may only be billed pursuant to Section 1 subsection 1 as businesses.

"Retention by the City of Norcross of monies collected in excess of charges computed on the basis of one minimum per plaintiff business is unauthorized."

The defendants appeal from the order which provided:

"It is therefore ordered, adjudged and declared that the defendants' application of the current water and sewer ordinance of the City of Norcross to plaintiffs is unauthorized and absent a special contract pursuant to said ordinance, each plaintiff may only be billed as one business or firm. It is further ordered that the City of Norcross pay to the plaintiffs the sum of $16,619.72, representing sums collected in excess of those allowed pursuant to the ordinance through the month of June, 1979." *Held:*

1. Under Section 1 of the Norcross Water and Sewer Ordinance a rate schedule is set forth for several categories. Section 1 (1) establishes a fixed rate based on usage for:

All firms, businesses, and persons under the age of 65:

| Usage | Monthly Rate | |
|---|---|---|
| | Water | Sewer |
| 0 - 2,000 gallons | $4.50 (b) | $4.50 (a)(b) |
| Overage, per 1000 gal. | 1.10 | 1.05 |

Section 1 (5) provides:

"Extraordinary circumstances, such as multiple dwelling units, industrial users, and fire protection, shall be governed by special contract agreements made by the Mayor and Council, on recommendation of the City's engineer."

As the parties stipulated and the trial judge so found: "Plaintiffs specifically requested a special contract from the City of Norcross, enabling them to be billed pursuant to a negotiated rate as a multiple dwelling complex, however, the City of Norcross refused to take such action." Since by its terms Section 1 (5) is exclusive with regard to multiple dwelling units, in the absence of a special contract there was no rate basis on which water and sewer usage could be calculated pursuant to the ordinance. Hence, the trial judge correctly found that the charges imposed by the City were not authorized by the ordinance.

2. Section 10 (1) of the ordinance requires:

"If the user believes his bill to be in error, he shall present his claim to the city clerk's office before the bill becomes delinquent. If a claim is made after the bill becomes delinquent it shall not be effective in preventing discontinuance of service as heretofore provided. The user may pay such bill under protest and said payment shall not prejudice his claim."

The parties failed to stipulate and thus the trial judge failed to find that there was any compliance with the provision. That being so, the plaintiffs failed to establish their right to a refund (see Code § 20-1007) and it was error to enter judgment for the plaintiffs in the amount of $16,619.72.

*Judgment affirmed in part and reversed in part. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 7, 1980 — DECIDED FEBRUARY 8, 1980 — REHEARING DENIED MARCH 12, 1980.

*Hill Jordan,* for appellants.
*John P. MacNaughton,* for appellees.

ON MOTION FOR REHEARING.

On motion for rehearing, the appellees contend that it was error to reverse the trial court's award for money

previously paid. It is argued that the failure to find as to whether or not the payments were "voluntary" including whether there was compliance with Section 10 (1) of the city ordinance was not with regard to a material issue or one which was properly raised either below or in this court.

"Payments of taxes or other claims, made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and cannot be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule." Code § 20-1007. Hence, Code § 20-1007 prohibits recovery of "voluntary payments" even though a protest be made. This is a crucial matter in the case sub judice since the payments made fit within that category. Thus, the burden was on the plaintiff to establish that the payments were not "voluntary" within the purview of Code § 20-1007. See *New York Life Ins. Co. v. Williamson,* 53 Ga. App. 28, 36 (184 SE 755). One means by which the plaintiffs might have carried that burden was a showing that they acted in conformity with Section 10 (1) of the ordinance. However, the trial judge did not so find.

It should be noted that nothing held herein is to be construed so as to prevent a further hearing on the question of prior payments.

*Motion for rehearing denied.*