### 62061. WILLIAMS v. COX ENTERPRISES, INC. et al.

BANKE, Judge.

The appellant collapsed while participating in the "1977 Peachtree Road Race," a 10,000-meter running event held in Atlanta on July 4. He was hospitalized for heat stroke, heat prostration, renal failure, and several other disorders, from which he allegedly suffered

brain damage and consequent permanent impairment of some motor functions. This is a class action filed against the Atlanta Track Club, Inc., and Cox Enterprises, Inc., the sponsors of the event. The complaint accuses them of negligence in failing to publish adequate warnings that participants could suffer serious injuries from running the course in conditions of extreme heat and humidity, failing to provide adequate liquids and medical facilities along the race course, and failing to ascertain whether all entrants were physically capable of running the race. In addition to negligence, the suit was also predicated on theories of strict liability and breach of warranty.

Early in the litigation, the trial court dismissed the Atlanta Track Club, Inc., as a defendant, based on a statute-of-limitation defense. The court also struck the class-action claim and the strict liability and breach of contract claims. This appeal is from a subsequent grant of summary judgment to Cox Enterprises, Inc., based both on the appellant's execution of a written waiver of liability prior to the race and on the doctrine of assumption of risk.

The temperature on the morning of the race exceeded 85 degrees and the humidity 90 percent. As indicated previously, the course distance was 10,000 meters, or 6.2 miles. Participants in the race were required to pay a fee and sign an application form containing the following language: "In consideration of acceptance of this entry, I waive any and all claims for myself and my heirs against officials or sponsors of the 1977 Peachtree Road Race, for injury or illness which may directly or indirectly result from my participation. I further state that I am in proper physical condition to participate in this event . . ." The application described the course as follows: "This is one of the most difficult 10,000-meter courses in America . . . Heat and humidity, in addition to hills, make this a grueling 10,000-meter race."

The appellant testified that he is a *summa cum laude* graduate of Duke University, where he was a member of Phi Beta Kappa, and that he currently studied law at the University of Chicago. He admitted that he had read the quoted portions of the application and that he understood their meaning. He further testified that, as a former Atlanta resident, he knew from experience that the temperature and humidity on July 4 would be high and that extreme exertion under such conditions could cause the very conditions to which he succumbed. *Held:*

1. The appellant argues that the waiver was invalid because the event was so large and well-publicized that the sponsors were charged with a public duty to provide for the safety of the entrants. The general rule in Georgia is that a contractual waiver of liability for simple negligence is valid, the exception being where the waiver

violates public policy. "A contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of the law." *Camp v. Aetna Ins. Co.,* 170 Ga. 46, 50 (152 SE 41) (1929). See also *Brown v. Five Points Parking Ctr.,* 121 Ga. App. 819, 821 (175 SE2d 901) (1970); *Country Club Apts. v. Scott,* 154 Ga. App. 217 (267 SE2d 811) (1980), aff'd 246 Ga. 443 (1980). The General Assembly has enacted no statute which either expressly or impliedly forbids contractual waivers of liability by participants in sporting or recreational events. Since the waiver was not otherwise contrary to law or morality, we therefore hold that it was valid.

2. The appellant also contends that the waiver was void due to a disparity in bargaining positions, arguing that because running and jogging had become such popular pastimes and because the Peachtree Road Race was "the only road race of its kind in the Atlanta area," he and the other participants were under enormous pressure to enter it on whatever terms were offered to them. This proposition is, of course, ludicrous. It is clear from the appellant's deposition testimony that his decision to sign the waiver was the product of his own free will, unencumbered by anything remotely resembling duress or undue influence.

3. A recovery is also precluded under the assumption of risk doctrine. As indicated previously, the application described the course in very specific terms and warned that heat and humidity would make it a "grueling" one. The appellant admitted both that he read the warning and that he was already aware of the danger. Under these circumstances, any injury resulting to him from overheating and dehydration cannot reasonably be construed to have resulted from a breach of duty on the part of the appellee. See generally *Whitehead v. Seymour,* 120 Ga. App. 25 (4) (169 SE2d 369) (1969).

4. The trial court did not err in dismissing the strict liability and breach of warranty counts for failure to state a claim.

5. The trial court did not err in refusing to certify the case as a class action pursuant to Code Ann. § 81A-123. "Although it was held in *Georgia Invest. Co. v. Norman,* 229 Ga. 160 (190 SE2d 48) that class actions are permissible where the right sought to be enforced is 'common' to the members of the class, albeit neither joint, nor derivative, nor one affecting specific property, the trial court may deny certification, where granted a common right, individual questions of law or fact as between the defendant and the individual class plaintiffs would yet predominate." *Hill v. General Fin. Corp.,*

144 Ga. App. 434, 436 (241 SE2d 282) (1977). Assuming that there are other persons who suffered personal injuries during the race, their claims must be assessed on an individual basis, as must the amount of their damages in the event any of them can establish a cause of action against the appellee. A class action is particularly inappropriate under such circumstances. In any event, it is clear that the appellant is not eligible to represent the class in view of the fact that he himself has no valid claim and thus cannot claim membership in it. See *Hill v. General Fin. Corp.*, supra, at 438. See also Code Ann. § 81A-123 (a); 7 Wright & Miller, Fed. Practice & Procedure, § 1761; 3B Moore's Fed. Practice, 23.04(2).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 16, 1981.

*Clayton Sinclair, Jr., Pat D. Dixon, Jr.,* for appellant.
*Palmer H. Ansley, Joseph W. Watkins,* for appellees.