A93A2089. ROD'S AUTO FINANCE, INC. et al. v. THE FINANCE COMPANY.

(438 SE2d 175)

JOHNSON, Judge.

The Finance Company (TFC), pursuant to identical written contracts, purchased accounts receivable from Rod's Auto Finance, Inc. and Universal Quality Motors, Inc., two used car dealerships. Relying on a provision in the contracts, TFC demanded that Rod's and Universal repurchase several accounts after the debtors defaulted on their loans. Rod's and Universal repurchased all but ten of the delinquent accounts. Rod's and Universal then filed a declaratory judgment action seeking a determination that pursuant to the contracts they are not required to repurchase the ten remaining delinquent accounts and they are entitled to a refund from TFC for the accounts they have already repurchased. TFC filed a counterclaim for breach of contract due to the refusal of Rod's and Universal to repurchase the ten delinquent accounts. The trial court granted summary judgment in favor of TFC as to both the main claim and the counterclaim. Rod's and Universal filed this joint appeal.

1. Rod's and Universal challenge the trial court's finding that they are not entitled to any refund of voluntary payments they made to repurchase some of the delinquent accounts. This challenge is wholly without merit as the uncontradicted material evidence in the record reveals that Rod's and Universal made the repurchases voluntarily, with knowledge of all the pertinent facts, and without any fraud or deception by TFC. OCGA § 13-1-13. "[T]he party seeking recovery must prove that the payment was not voluntarily made because certain material facts were not known at the time of payment or a valid reason existed for failure to determine the truth. [Cit.]" *Ins. Co. of North America v. Kyla, Inc.,* 193 Ga. App. 555, 556 (388 SE2d 530) (1989). Rod's and Universal have made no such showing. The trial court therefore correctly granted summary judgment against

Rod's and Universal on their claim seeking a refund from TFC on the accounts they voluntarily repurchased.

2. Rod's and Universal, relying on section 17 of the contracts, claim that they are not required to repurchase the ten remaining delinquent accounts because all the accounts were sold to TFC "without recourse." Section 17 provides, "If assigned 'without recourse,' the Seller [Rod's and Universal] does not guarantee to the Purchaser [TFC] that any [debtor] shall make the payments due and payable in accordance with his or her [account]; however, regardless of whether [accounts] are assigned pursuant hereto 'with recourse' or 'without recourse,' nothing in this section 17 is intended or shall be interpreted so as to excuse or modify any of Seller's obligations to repurchase [accounts] pursuant to subsection 11.4, above." Subsection 11.4 (b) provides, "In the event that any [debtor] . . . does not promptly commence making timely payments to the Purchaser, Seller shall, upon Purchaser's demand, promptly repurchase such [debtor's account] from Purchaser."

"Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Such a contract is the only evidence of what the parties intended and understood by it. No construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation." (Citations and punctuation omitted.) *Paige v. Jurgensen*, 204 Ga. App. 524, 525 (1) (419 SE2d 722) (1992). Here, the parties plainly intended that TFC could demand repurchase of an account if the debtor did not promptly *commence* making timely payments due after the closing date of the contracts; the parties did not, however, provide that TFC could make such a demand if the debtor failed to *continue* making timely payments after a prompt start. In fact, section 17 of the contracts, read together with subsection 11.4 (b), clearly shows that the parties did not intend for Rod's and Universal to guarantee timely continued payments by a debtor who had promptly begun making payments.

The trial court did not expressly find, and we cannot determine from the record, the dates that each of the ten debtors were required to begin making their first payments after the contracts' closing date and whether any of those debtors timely made their first payment. We therefore remand the case to the trial court for an evidentiary hearing on those issues. If there is no genuine issue of material fact that a debtor failed to timely make his or her first payment due after the closing date, TFC is entitled to summary judgment on its claim that the seller of that account must repurchase it. If, on the other hand, there is no genuine issue of material fact that a debtor timely made his or her first payment due after the closing date, TFC is not

entitled to summary judgment on its demand that the seller repurchase that account. Either party may file a notice of appeal from the trial court's ruling made on remand.

*Judgment affirmed in part; case remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Milton N. Bronson, Paul T. Wright*, for appellants.
*Pursley, Howell, Lowery & Meeks, John R. Lowery, Bryan A. Vroon*, for appellee.