A93A1922. YATES v. TRUST COMPANY BANK OF
MIDDLE GEORGIA.
(442 SE2d 293)

COOPER, Judge.

Appellant sued appellee to recover for the alleged conversion of her funds after appellee exercised its right of set-off and redeemed a savings certificate owned by appellant to satisfy a loan owed by appellant's son. Appellant appeals from the trial court's order granting appellee's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted. OCGA § 9-11-12 (b) (6).

" 'For the purposes of the [motion for judgment on the pleadings], all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. Judgment on the pleadings may be granted only if, on the facts so admitted, the moving party is clearly entitled to judgment.' . . . [Cits.]" *ALW Marketing Corp. v. McKenney,* 205 Ga. App. 184, 186 (1) (421 SE2d 565) (1992).

Under this standard, the pleadings show that on January 11, 1985, appellant obtained a savings certificate from appellee in the amount of $10,000 bearing an interest rate of 9.50 percent per annum. Terry Yates, appellant's son, was also listed as a co-owner of the savings certificate. The savings certificate contained an automatic renewal provision under which the certificate would renew at the prevailing interest rate every 18 months. The certificate automatically renewed three times between January 11, 1988 and January 11, 1991, and each time appellee paid the accrued interest. The next scheduled renewal date was July 11, 1992; however, exercising its right of set-off as provided in the savings certificate, on July 3, 1992, appellee redeemed the savings certificate to satisfy an automobile loan which was in default and owed by Terry Yates to appellee. The savings certificate contains the following set-off provision: "RIGHT OF SET OFF: Issuer may at any time set off against this Certificate any obligation owed to it by one or more of the registered holders." Appellant alleged that she never signed the savings certificate or any other doc-

ument obligating her to pay Terry Yates' debts. She charged that appellee's set-off against the savings certificate for the obligation of someone other than herself constituted a conversion of property and a wilful, wanton and malicious disregard of her property interest in the savings certificate. Appellant seeks a sum equal to the face amount of the savings certificate, all accrued interest, including the interest which would have accrued on July 11, 1992, and punitive damages.

At the core of appellant's complaint and her four enumerations of error is the premise that she is the 100 percent owner of the funds on deposit and the right of set-off is an illegal contract to which she never agreed which obligates her to answer for the debt of her son. However, to the contrary, this case is controlled by *Simpson v. Ga. State Bank*, 159 Ga. App. 310 (283 SE2d 278) (1981).

"[I]f a party to a multiple-party account is indebted to a financial institution, the financial institution has a right to setoff against the account in which the party has . . . a present right of withdrawal. The amount of the account subject to setoff is that proportion to which the debtor is . . . beneficially entitled and, in the absence of proof of net contributions, an equal share with all parties having present rights of withdrawal." OCGA § 7-1-821. The pleadings show that appellant supplied all of the funds which comprised the account, and Terry Yates had no beneficial entitlement. "However, the right to set-off as shown in [OCGA § 7-1-821], supra, is also 'subject to any contractual provision,' and the contract here by and between the parties authorized the bank 'to [setoff against this Certificate any obligation owed to it by any one or more of the registered holders. It provides further that if the Certificate is issued in the name of more than one individual, it shall be deemed to be issued to them as joint tenants with the right of survivorship and not as tenants in common].' . . . Under the above set of circumstances, even through the debtor ([Terry Yates]) was not beneficially entitled to any of the funds, the financial institution ([appellee]) had a right of set off under the contractual provisions shown above. [Cit.]" *Simpson*, supra at 313 (1).

Appellant attempts to distinguish *Simpson* from the instant case on the basis that the plaintiff in *Simpson* signed the depositor's contract which contained the set-off provision; however, she never signed the savings certificate. Therefore, the set-off provision is unenforceable, citing the statute of frauds. This contention is wholly without merit. Moreover, we note that while making this argument, appellant concedes that the savings certificate created a contract between the parties, even though the certificate does not bear her signature. See generally *Spurlock v. Commercial Banking Co.*, 138 Ga. App. 892, 900 (227 SE2d 790) (1976). In fact, a portion of the relief appellant seeks in this case is the payment of accrued interest as provided in the savings certificate. In addition, examination of the certificate reveals that

it is a standard form which only allows for one "Authorized Signature," which in this case appears to be the signature of a bank official. In our view, appellant is estopped to deny the existence of a contract as it appears that at every renewal term, appellee paid the accrued interest and renewed the certificate of deposit under the "Automatic Renewal" provision of the same savings certificate, and each time appellant accepted payment of the accrued interest. The set-off provision is but another contractual provision of the savings certificate. At this juncture, appellant cannot be heard to argue that she is not bound by this particular provision, which has always been a part of the contract, because it does not bear her signature. Furthermore, the bank's renewal of the certificate, payment of accrued interest and appellant's acceptance of the interest constituted either full performance or part performance which takes the contract out of the operation of the statute of frauds. See OCGA § 13-5-31. "If one of the parties has not signed, his acceptance is inferred from a performance under the contract, in part or in full, and he becomes bound. . . . Written signature to a contract is to afford mutuality, but is not the only method of obtaining mutuality. Part performance by both parties satisfies the requisites of mutuality and the statute of frauds." (Citations and punctuation omitted.) *Valiant Steel &c. v. Roadway Express*, 205 Ga. App. 237, 240 (3) (421 SE2d 773) (1992).

We also reject appellant's contention that the set-off provision is a guaranty or created an obligation for her to answer for her son's debt. "The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal, the principal in either instance remaining bound therefor. Sureties, including those formerly called guarantors, are jointly and severally liable with their principal unless the contract provides otherwise." OCGA § 10-7-1. There is no language in the savings certificate that would make appellant personally liable, as a guarantor, for her son's debts. Furthermore, as appellee correctly points out, prior to the default, appellant had an absolute right to withdraw all of the funds from the bank and had she done so or if the proceeds of the certificate of deposit were insufficient to pay Terry Yates' debts by set-off, appellee would have absolutely no claim against appellant, personally and individually, to satisfy Terry Yates' obligation to appellee.

We find no error in the court's grant of appellee's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 15, 1994.

*Adams & Hemingway, Ward Stone, Jr., Gregory G. Schultz*, for appellant.

*Jones, Cork & Miller, Hubert C. Lovein, Jr., H. J. Strickland, Jr.*, for appellee.