A02A0074. DRYVIT SYSTEMS, INC. v. STEIN.
A02A0075. STEIN v. DRYVIT SYSTEMS, INC. et al.
(568 SE2d 569)

JOHNSON, Presiding Judge.

In 1992, George Stein entered into a contract to buy a new home to be built with synthetic stucco cladding manufactured by Dryvit Systems, Inc. Construction of the home was completed in May 1993,

and Stein closed on the house. In October 1997, Stein filed a class action lawsuit against Dryvit and others, alleging that the synthetic stucco cladding is defective and has damaged his home. Stein seeks recovery under theories of breach of express warranty, negligence and negligent misrepresentation.[1]

Stein moved the trial court for class certification, while Dryvit moved for summary judgment. The trial court denied Dryvit's summary judgment motion and denied Stein's class certification motion. We granted both Dryvit's and Stein's applications for interlocutory appeal from the trial court's rulings. We reverse the trial court's denial of Dryvit's motion for summary judgment, and we affirm the trial court's denial of Stein's motion for class certification.

### Case No. A02A0074

1. Dryvit correctly asserts that it is entitled to summary judgment on Stein's breach of express warranty claim because Stein failed to comply with the mandatory notice provision contained in the Dryvit warranty. Under the warranty, Dryvit states that its materials will be free from defects, and if not, Dryvit will repair or replace any defective materials during a five-year period. But before Dryvit becomes obligated to repair defects, the warranty requires the owner to give Dryvit written notice of such defects so it can determine their cause. The warranty provides:

> Dryvit shall not have any obligations under this warranty unless the owner notifies Dryvit Systems, Inc.; One Energy Way; P.O. Box 1014; West Warwick, RI 02893; ATTN: Warranty Services; in writing, within thirty (30) days of the alleged defects. Dryvit shall be allowed a reasonable period of time, authorization to remove samples, and to perform any testing Dryvit deems necessary to investigate and determine the cause of the defect. The Owner shall provide and cause any temporary repairs to be accomplished in a timely manner to prevent further damage to the structure or contents of the building until the cause of the defect is determined and permanent repair recommendations may be made.

---

[1] Stein's complaint also claimed breach of implied warranty, but he has expressly abandoned that claim in both the trial court and this court. In his response to Dryvit's motion for summary judgment, he stated that he does not rely upon an implied warranty theory for recovery in this action, and that his complaint does not set forth any facts or allegations that would support an implied warranty theory. Likewise, in his appellate brief he reiterates that he does not rely upon any breach of implied warranty claim. Because Stein has abandoned that claim, we review the trial court's rulings based only on the viable causes of action. See *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248 (1) (384 SE2d 276) (1989).

It is undisputed that Stein never notified Dryvit in writing, or otherwise, of any alleged defects covered by the warranty. Where notice to the manufacturer within a specified time is a condition precedent to recovery on a breach of warranty claim, the notice must be given as prescribed.[2] Because there are no genuine issues of material fact that Stein failed to notify Dryvit in writing within 30 days of the alleged defects, Dryvit has no obligations under the warranty and is entitled to summary judgment on the breach of express warranty claim.[3] The trial court's denial of summary judgment to Dryvit on that claim is therefore reversed.

2. Dryvit is also entitled to summary judgment on Stein's negligence and negligent misrepresentation claims because they are barred by the applicable four-year statute of limitation. Tort actions for damage to realty must be brought within four years of substantial completion of the property.[4] This rule applies even if Stein had no knowledge of any alleged defects until after the substantial completion of his house.[5]

In the instant case, Stein's house was completed in May 1993. He filed this lawsuit more than four years later in October 1997. Because he filed suit beyond the four-year period, his tort claims for negligence and negligent misrepresentation are barred, and the trial court's denial of summary judgment to Dryvit on those claims is reversed.

### Case No. A02A0075

3. In light of our holdings above, Stein's challenge to the trial court's denial of his motion for class certification is without merit. Because Stein himself has no valid claims against Dryvit, he cannot claim membership in, and is not eligible to represent, the purported class.[6] It follows that the trial court did not err in refusing to grant Stein's motion for class action certification.[7]

*Judgment reversed in Case No. A02A0074. Judgment affirmed in Case No. A02A0075. Blackburn, C. J., and Miller, J., concur.*

---

[2] *Watson v. Knox Metal Products*, 98 Ga. App. 435, 437 (3) (105 SE2d 904) (1958).

[3] See generally *Frick Co. v. Smith*, 70 Ga. App. 118, 123-125 (1) (27 SE2d 795) (1943). Compare *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1, 4-5 (2) (542 SE2d 121) (2000) (summary judgment not appropriate because there were issues of fact as to whether home buyer gave written notice as required by warranty).

[4] OCGA § 9-3-30 (a); *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. 628, 629 (544 SE2d 533) (2001).

[5] *Mitchell*, supra.

[6] See *Williams v. Cox Enterprises*, 159 Ga. App. 333, 336 (5) (283 SE2d 367) (1981).

[7] See *Cotton v. Med-Cor Health &c.*, 221 Ga. App. 609, 612 (2) (472 SE2d 92) (1996).

DECIDED JULY 3, 2002.

*Womble, Carlyle, Sandridge & Rice, R. Wayne Bond, Joel G. Pieper, Moore, Ingram, Johnson & Steele, Robert D. Ingram, Jeffrey A. Daxe,* for Dryvit Systems, Inc. et al.

*Dupree, Johnson, Poole & King, Hylton B. Dupree, Jr., Michael S. Kimbrough, Sims, Moss, Kline & Davis, Raymond L. Moss,* for Stein.