## A08A1007. REGIONS MORTGAGE, INC. v. JACKSON et al.

(669 SE2d 411)

ANDREWS, Judge.

We granted Regions Mortgage, Inc.'s application for interlocutory review of the trial court's denial of its motion for summary judgment on Gisela and Harry Jackson's complaint. The Jacksons sued Regions for reimbursement of certain fees, including late charges, and attorney fees, paid to Regions at the closing on the sale of the Jacksons's house. Regions contends that the trial court erred in denying summary judgment because the claims were not listed as assets in the Jacksons's bankruptcy and therefore are preempted by federal bankruptcy law and are barred by the doctrines of res judicata and judicial estoppel. Regions also contends that the claims are barred by the voluntary payment rule and that plaintiff Gisela Jackson lacks standing to pursue this action. After reviewing the record, we conclude that the trial court correctly determined that Gisela Jackson had standing to bring this suit, but incorrectly held that the claims were not barred by the voluntary payment rule. We do not reach the issues of res judicata and judicial estoppel.

The Jacksons filed a bankruptcy petition on June 8, 1999. During the bankruptcy, the Jacksons were behind in their mortgage payments to Regions and they sought and obtained permission to sell their home. After the closing, the Jacksons sued Regions, claiming the fees were not authorized and were not disclosed before closing.

Regions filed a motion for summary judgment, contending that the fees were authorized by the loan documents and were disclosed to the Jacksons, that the Jacksons acknowledged knowing of the disputed fees at the time they filed bankruptcy but did not identify them in their schedules, that the Jacksons consented to a bankruptcy court order that provided for the payment of the fees, and that the Jacksons voluntarily paid the fees at the real estate closing despite their alleged disagreement with the fees. Regions also argued that Gisela Jackson did not have standing to bring this suit because

the loan, note and security deed for the property were executed solely by Harry Jackson.

The trial court denied Regions's motion for summary judgment on all counts and held that Gisela Jackson did have standing to bring this suit. This appeal followed.

1. The trial court correctly held that Gisela Jackson had standing to sue Regions for the fees paid at closing. Although Regions argues that the underlying note, loan, and security deed were executed solely by Harry Jackson, it is undisputed that Jackson subsequently deeded one half of the home to his wife Gisela prior to the bankruptcy filing. As the trial court points out in its order, Regions failed to acknowledge that Gisela owned one half of the home at closing and failed to support its contention that Gisela lacked standing by any argument or citation to any authority on point. Further, when the house was sold, Gisela, as half owner of the house, had a clear legal title to one half of the equity from the sale. To the extent the disputed fees affected the amount of equity received from the sale of the house, she suffered an economic loss and would have standing to challenge the alleged illegal assessment.

2. The trial court erred in not granting Regions's motion for summary judgment on its defense under the "voluntary payment rule." This is codified at OCGA § 13-1-13, which provides:

> Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule prescribed in this Code section.

Here, the Jacksons claim they were surprised at closing to see a payoff figure of $105,874.21 owed to Regions. They stated that they believed the payoff figure was a mistake that could be corrected because they were told by the closing attorney that they needed to go ahead and close the sale and deal with that issue later.

The trial court found that there was a jury issue on Regions's voluntary payment defense, citing *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400 (349 SE2d 368) (1986). That case held that a

> plaintiff generally can recover a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party

would not be prejudiced by refunding the payment — subject to a weighing of the equities between the parties by the trier of fact.

Id. at 406.

But the record shows, however, that it was undisputed that on December 20, 2001, Regions sent a letter to the Jacksons's attorney with payoff figures as of January 1, 2002. This letter itemizes the mortgage debt and includes late charges, property preservation/inspection fees, NSP fees and attorney fees and shows a payoff amount of $105,346.72.

More importantly, Gisela Jackson stated unequivocally at her deposition that she and her husband were aware of the fees at the time they filed the bankruptcy petition. She was asked: "[your interrogatory response] says the Plaintiffs first became aware of the fees around the time that they filed [for] bankruptcy on or about June 21, 1999. The fees were charged as late fees, property preservation inspections charges, NSF fees, attorney's fees and recording fees . . . that is a true and accurate response; is that correct?" Answer: "Yes. And the fees that are stated there, those are the fees that you are disputing in your Complaint against Regions mortgage; is that correct?" Answer: "Yes."

Thus, there was no valid reason for the Jacksons to claim that they were surprised by the $105,874.21 payoff amount they paid at the July 24, 2002 closing. The Jacksons were aware of the fees, by their own admission, as of the time of the filing of the bankruptcy petition. They were notified that Regions was assessing the disputed fees as early as December 20, 2001, and they did not dispute the fees until after closing and payment of the alleged disputed fees.

"The party seeking recovery must prove that the payment was not voluntarily made because certain material facts were not known at the time of payment or a valid reason existed for failure to determine the truth." (Citation and punctuation omitted.) *Rod's Auto Finance v. The Finance Co.*, 211 Ga. App. 63 (438 SE2d 175) (1993). In this case, there was no evidence of artifice, deception, or fraud on the part of Regions as it informed the Jacksons more than six months prior to the closing on the sale of the home that the disputed fees were being charged. See OCGA § 13-1-13. Thus, the voluntary payment rule would apply and Regions was entitled to summary judgment on the Jacksons's claims on this ground.

In light of our holding in Division 2, we need not address Regions's remaining enumerations of error.

*Judgment reversed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 27, 2008 —
RECONSIDERATION DENIED NOVEMBER 14, 2008 —

*Parker, Hudson, Rainer & Dobbs, William J. Holley II*, for appellant.

*Bell & Brigham, John C. Bell, Jr., Leroy W. Brigham, Claeys, McElroy & Macgruder, Angela C. McElroy*, for appellees.