S09G1664. SOUTHSTAR ENERGY SERVICES, LLC
v. ELLISON et al.
(691 SE2d 203)

CARLEY, Presiding Justice.

Charles Ellison and Susan Bresler (Appellees) filed a class action against Southstar Energy Services, LLC d/b/a Georgia Natural Gas

---

(Appellant), seeking to recover overpayments and other damages arising from Appellant's alleged violations of the Natural Gas Competition and Deregulation Act (Natural Gas Act), OCGA § 46-4-150 et seq. Appellant moved to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief could be granted, on the ground that any claim is barred by the voluntary payment doctrine. The trial court granted the motion to dismiss, and the Court of Appeals reversed, holding that Appellees' claims are not barred by the voluntary payment doctrine. *Ellison v. Southstar Energy Services*, 298 Ga. App. 170, 174-175 (1) (679 SE2d 750) (2009). We granted certiorari to consider the Court of Appeals' ruling.

1. A dismissal of a complaint for failure to state a claim is reviewed de novo. *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith*, 284 Ga. App. 387 (643 SE2d 864) (2007). It is well settled that

> [a] motion to dismiss for failure to state a claim upon which relief can be granted "should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor." [Cit.]

*Stendahl v. Cobb County*, 284 Ga. 525 (1) (668 SE2d 723) (2008).

Construed in favor of Appellees, the complaint alleges that Appellant intentionally and deceptively overcharged certain existing customers as to both customer service charges and the price for natural gas. Appellees claim that Appellant's acts violated various sections of the Natural Gas Act, including OCGA § 46-4-160 (h) (price for natural gas billed shall not exceed marketer's published price), and OCGA § 46-4-160.2 (a) (requiring credit or refund for billing error resulting in overpayment).

Appellant contends that the trial court correctly dismissed the complaint pursuant to the voluntary payment doctrine, which provides that

> [p]ayments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice

used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule prescribed in this Code section.

OCGA § 13-1-13. Appellant argues that in reversing the trial court's ruling, the Court of Appeals erred in determining that the voluntary payment doctrine has been impliedly repealed and in failing to follow the controlling precedent of *Fitzgerald Water, Light & Bond Comm. v. Shaw Indus.*, 270 Ga. App. 68 (606 SE2d 10) (2004), *Telescripps Cable Co. v. Welsh*, 247 Ga. App. 282 (542 SE2d 640) (2000) and *Cotton v. Med-Cor Health Information Solutions*, 221 Ga. App. 609 (472 SE2d 92) (1996). However, Appellant has mischaracterized the Court of Appeals' decision, which in no way found that the voluntary payment doctrine has been repealed, and instead simply held that it does not apply to this case. Furthermore, Appellant's reliance on *Fitzgerald, Telescripps* and *Cotton* is misplaced. Although those cases did involve application of the voluntary payment doctrine to bar actions by consumers seeking to recover allegedly excessive charges, as the Court of Appeals noted in this case, those decisions are distinguishable because none of them involved a private right of action for consumers like that provided by the Natural Gas Act. *Ellison v. Southstar Energy Services*, supra at 175 (1).

In 2002, the General Assembly amended the Natural Gas Act so as to provide various consumer safeguards, declaring "[t]hat protecting natural gas consumers . . . is the most important factor to consider in any decisions to be made in accordance with this article." OCGA § 46-4-151 (a) (4). Consistent with that policy of consumer protection, the amendment established a consumer bill of rights, which provides, among other things, that all consumers must be protected from deceptive information regarding billing terms and shall receive accurate bills from their marketers. OCGA § 46-4-151 (b) (9) (E), (F). Moreover, the amendment expressly granted to consumers the right to bring a civil action for certain violations of the Act.

Any retail customer who is damaged by a marketer's violation of any provision of Code Section 46-4-160, any duly promulgated rules or regulations issued under such Code section, or any commission order shall be entitled to maintain a civil action and shall be entitled to recover actual damages sustained by the retail customer, as well as inci-

dental damages, consequential damages, reasonable attorney's fees, and court costs.

OCGA § 46-4-160.5 (a). This private right of action also applies to violations of several other sections of the Natural Gas Act, including OCGA § 46-4-160.2. OCGA § 46-4-160.5 (c). Under OCGA § 46-4-160.2 (a), billing errors or mistakes reported to a natural gas marketer must be corrected, and if not, "the burden of proof shall be on the marketer to show why the bill is correct." Moreover, if the billing error results in an overpayment by a customer, the marketer must provide the customer with either an account credit or a refund. OCGA § 46-4-160.2 (a) (1), (2).

Here, Appellees brought their action pursuant to OCGA § 46-4-160.5, asserting, as noted above, violations of OCGA § 46-4-160 (h) and OCGA § 46-4-160.2. Because such a right of action is specifically authorized by statute, the Court of Appeals, contrary to Appellant's claims, correctly concluded that this case is analogous to *Oxford v. Shuman*, 106 Ga. App. 73 (126 SE2d 522) (1962). In that case, a taxpayer filed suit for a tax refund pursuant to a statute which specifically authorized such an action. *Oxford v. Shuman*, supra at 77-79 (2) (a), (b). The Court of Appeals correctly rejected a claim that the voluntary payment doctrine barred the suit, finding that a general statute, such as the one codifying the voluntary payment doctrine, does not apply where there is "a specific statute relative to the tax collected. [Cits.]" *Oxford v. Shuman*, supra at 79 (2) (c). In this case, although a claim for a tax refund is not involved, the same rationale applies. " 'For purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent. (Cit.)' [Cit.]" *Garden Hills Civic Assn. v. MARTA*, 273 Ga. 280, 284 (5) (539 SE2d 811) (2000). Because there is no contrary legislative intent, and instead the clear purpose of the Natural Gas Act is to protect natural gas consumers, OCGA § 46-4-160.5, which specifically authorizes a private right of action for damages, must prevail over the general statute setting forth the voluntary payment doctrine. Indeed, "the . . . effect of having such [a] right [to sue] expressly recognized by statute has been to remove the defense of voluntary payment [cit.] [Cit.]" *Hawes v. Smith*, 120 Ga. App. 158 (169 SE2d 823) (1969).

Appellant argues that the rule that a specific statute will prevail over a general one should not apply in this case because there is no conflict between the private right of action provided to consumers by the Natural Gas Act and the voluntary payment doctrine. The argument is disingenuous since the very premise of Appellant's motion to dismiss is based on the inherent conflict between OCGA § 46-4-160.5, which authorizes the Appellees' action for

damages, and OCGA § 13-1-13, which, if applicable, would bar it. Appellant supports its argument that there is no conflict between the two statutes by quoting a footnote from a federal district court order. "While we are at liberty to consider [such] authority, the appellate courts of this state are 'not bound by decisions of . . . federal courts except the United States Supreme Court.' [Cit.]" *Balmer v. Elan Corp.*, 278 Ga. 227, 229-230 (2) (599 SE2d 158) (2004). Moreover, we find the reasoning of the federal judge to be unpersuasive. In finding no conflict between the voluntary payment doctrine and the Natural Gas Act's right of private action, the district court reasoned that the plaintiffs "could have refused to pay the allegedly improper charges and then brought suit under OCGA § 46-4-160.5 for damages they suffered as a result." *Robbins v. SCANA Energy Marketing*, Case No. 1:08-CV-640-BBM, 2008 U. S. Dist. LEXIS 108917 (N.D. Ga. June 13, 2008). However, there is no such requirement of refusal set forth in the Natural Gas Act as a prerequisite to bringing an action under OCGA § 46-4-160.5. Judicially imposing such a limitation on consumers' statutory right to bring an action contravenes the clear legislative intent that the protection of consumers is the most important factor for any decision made under the Natural Gas Act. OCGA § 46-4-151 (a) (4). Even the *Robbins* court "observe[d] that the voluntary payment doctrine does render consumer rights under the [Natural] Gas Act to be somewhat illusory. . . ." *Robbins v. SCANA Energy Marketing*, supra. As the Court of Appeals correctly noted in this case,

> [b]ecause the [Natural] Gas Act's purpose is clearly remedial, [cit.] it should be liberally construed. [Cit.] In light of its remedial purpose, the voluntary payment doctrine should not be applied to bar actions by gas consumers to recover overpayments made to the gas marketer.

*Ellison v. Southstar Energy Services*, supra at 174 (1). See also *Indoor Billboard/Washington v. Integra Telecom of Washington*, 170 P3d 10, 24 (IV) (B) (3) (Wash. 2007) (voluntary payment doctrine inappropriate in context of liberally construed state Consumer Protection Act); *Ramirez v. Smart Corp.*, 863 NE2d 800, 810 (I) (A) (2), fn. 2 (Ill. App. 2007) (remedial purpose of Consumer Fraud Act supports refusal to apply voluntary payment doctrine). Indeed, application of the "voluntary payment doctrine would nullify the protections of the [Natural Gas Act] and be contrary to the intent of the legislature." *Huch v. Charter Communications*, 290 SW3d 721, 727 (Mo. 2009) (refusing to allow voluntary payment doctrine as defense to violation of state Merchandising Practices Act because of clear legislative policy to protect consumers). Accordingly, Appellant

has not established that Appellees could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought, and the Court of Appeals therefore did not err in reversing the trial court's dismissal of the complaint.

2. The complaint in this case also asserts common law claims not specifically authorized by OCGA § 46-4-160.5, including claims for unjust enrichment and breach of a statutory duty. Unlike the claims brought pursuant to the Natural Gas Act's private right of action, as discussed in Division 1, such common law claims could be subject to a voluntary payment defense. However, the complaint asserts as to all of its counts that Appellant made material misrepresentations and concealed material facts from Appellees that prevented them from discovering the alleged overcharges. Construing the pleadings, and resolving all doubts, in favor of Appellees, *Stendahl v. Cobb County*, supra, the payments were allegedly made without knowledge of all the facts and as the result of artifice or deception. OCGA § 13-1-13. The trial court therefore should not have dismissed such claims based on the voluntary payment doctrine, and the Court of Appeals also correctly reversed that erroneous dismissal. Compare *Fitzgerald Water, Light & Bond Comm. v. Shaw Indus.*, supra at 69 (plaintiff conceded that "alleged over-billing was not the result of an intentional or bad faith act"); *Telescripps Cable Co. v. Welsh*, supra at 284 (1) (plaintiffs did not raise any "claim of misplaced confidence, artifice, deception or fraudulent practice").

*Judgment affirmed. All the Justices concur.*

NAHMIAS, Justice, concurring.

I join the Court's opinion with the understanding that our holding in Division 1 — that the voluntary payment doctrine does not apply to the statutory claim presented — rests on the fact that the Natural Gas Act expressly authorizes a private right of action for consumers. Although the remedial purpose of the Act supports that conclusion, it would not be sufficient to reach that result. Otherwise, we would have to overrule the line of Court of Appeals cases the majority cites on page 711, which applied the voluntary payment doctrine notwithstanding the arguably remedial purpose of the statutes at issue. The Court does not question those cases.

It should be clear, therefore, that the Court is not adopting wholesale the approach of the three decisions from other states cited as "[s]ee also" and described parenthetically on page 713, as those courts relied principally on the remedial purpose of their state statutes to negate the voluntary payment defense. See *Indoor Billboard/Washington v. Integra Telecom of Washington*, 170 P3d 10, 24 (Wash. 2007) (rejecting voluntary payment doctrine "because we construe the [Consumer Protection Act] liberally in favor of [con-

sumers]''); *Ramirez v. Smart Corp.*, 863 NE2d 800, 810 & n. 2, 813 (Ill. App. 2007) (in case involving alleged excessive charges for medical records, rejecting voluntary payment doctrine based on the remedial purposes of the Illinois Hospital Records Act and Consumer Fraud Act, despite also holding that the Hospital Records Act does not create an express or implied cause of action, in contrast to *Cotton v. Med-Cor Health Information Solutions*, 221 Ga. App. 609, 611-612 (472 SE2d 92) (1996), which upheld the voluntary payment defense in the similar context of claims under Georgia's Health Records Act); *Huch v. Charter Communications*, 290 SW3d 721, 727 (Mo. 2009) (rejecting voluntary payment doctrine based on the remedial purpose of the Missouri Merchandising Practices Act, where a cable television provider charged consumers for unsolicited paper television guides, in contrast to *Telescripps Cable Co. v. Welsh*, 247 Ga. App. 282, 284-285 (542 SE2d 640) (2000), which upheld the voluntary payment doctrine where a cable television company charged Georgia customers excessive late fees).[1]

DECIDED MARCH 15, 2010.

*Rogers & Hardin, Robert B. Remar, Jill E. Steinberg, Kimberly L. Myers*, for appellant.

*Strickland, Brockington & Lewis, Frank B. Strickland, Anne W. Lewis, Jason R. Doss*, for appellees.

---

[1] I note that the Washington Consumer Protection Act contains an express private right of action, see *Indoor Billboard/Washington*, 170 P3d at 17, as does the Missouri statute at issue in *Huch*, see 290 SW3d at 725, so that our reasoning in this case would likely lead to the same result reached in those cases. The Washington and Missouri courts, however, did not explicitly rely on that fact in rejecting the voluntary payment doctrine.