**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 11, 2019**

# In the Court of Appeals of Georgia

A18A2059. BOYD v. DISABLED AMERICAN VETERANS et al.

REESE, Judge.

Thasha Boyd, proceeding pro se, filed a defamation action against the Appellees, Matthew Jahn and his employer, Disabled American Veterans ("DAV"), alleging that Jahn had falsely accused her of sexual harassment, which resulted in the termination of her employment with the Department of Veterans Affairs ("Department"). The Superior Court of DeKalb County dismissed the complaint for failure to state a claim upon which relief could be granted.[1] Boyd appeals, contending that the trial court improperly considered evidence outside the pleadings and erred in determining that the intracorporate privilege applied. For the reasons set forth, infra, we reverse and remand the case for further proceedings.

---

[1] See OCGA § 9-11-12 (b) (6).

Construed in favor of Boyd, as the non-moving party,[2] the complaint alleges the following facts. Boyd and Jahn "were employees who worked within the Atlanta Veterans Benefits Administration (VBA) offices [in] Decatur[.] However, [Boyd] was employed by the [Department]; and . . . Jahn is/was employed by the . . . DAV[.]" In 2016, Jahn made false statements to his fellow employees, and, in December 2016, he filed a written complaint with the Department, alleging that Boyd had sexually harassed him.[3]

According to the complaint, Jahn also "coached" a coworker to make false statements about Boyd to the Department. Based on these reports, the Department terminated Boyd's employment. Boyd alleged that the "defamatory statement(s)" made by Jahn and the DAV "were intentional and malicious" and that the Appellees "conspired with the Department . . . for personal and financial gain in exchange for assisting the [Department] in its retaliation against [Boyd] for her protected activity against the [Department]."

---

[2] See *Southstar Energy Svcs. v. Ellison*, 286 Ga. 709, 710 (1) (691 SE2d 203) (2010).

[3] During the Department's ensuing investigation, Boyd learned that, several months prior to December 2016, Jahn had told other DAV employees that Boyd "was committing debasing acts against . . . Jahn."

Although Boyd alleged in her complaint that she sent a demand letter to Jahn and the DAV in January 2017, requesting that they "withdraw these false allegations and/or reach out to her employer to mediate the matter[,]" neither Jahn nor the DAV responded to the letter or took any corrective action. Thus, according to the complaint, the DAV "failed to exercise proper care in vetting the truth" of the allegations, and, instead "cover[ed] up" the false statements of Jahn and his coworker. Specifically, the complaint alleged that a DAV "legal counsel/representative" told Boyd "that he would not cooperate with [Boyd's] subpoena/discovery to a third-party (in her administrative appeal of her termination)."

In its order granting the Appellees' motion to dismiss, the trial court found that Boyd's complaint "allege[d] that she and . . . Jahn were coworkers, both working within the Atlanta Veterans Benefits Administration, though in different departments." The court concluded that, as a result, the alleged communications were all "intracorporate," and thus privileged, so the face of Boyd's complaint demonstrated that she could prove no set of facts amounting to defamation.

> Under current Georgia law, it is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings

3

are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint *disclose with certainty* that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof.[4]

We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor. [T]he pleadings to be construed include any exhibits attached to and incorporated into the complaint and the answer.[5]

Moreover, "we are required to hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers[.]"[6] With these guiding principles in mind, we turn now to Boyd's specific claims of error.

---

[4] *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013) (citations and punctuation omitted; emphasis supplied).

[5] *Babalola*, 324 Ga. App. at 750 (citations and punctuation omitted).

[6] Id. at 750, n. 2 (citation and punctuation omitted).

4

1. Boyd argues that the trial court improperly converted the motion to dismiss into one for summary judgment, arguing that the trial court considered exhibits attached to the motion to dismiss.[7] This argument is without merit.

In its order, the court discussed the standard for deciding a motion under OCGA § 9-11-12 (b) (6), and stated that it had considered only the pleadings and the parties' arguments at oral argument before granting the Appellees' motion to dismiss. According to the trial court, "the face of Boyd's Complaint demonstrate[d] that she [could] prove no set of facts amounting to defamation." The trial court's order also did not refer to any evidence outside the pleadings. Because there is no transcript of the motion hearing in the record, Boyd has failed to show that the Appellees introduced evidence outside the pleadings.[8] Thus, there is nothing in the record to

---

[7] See OCGA § 9-11-12 (b) ("If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56.").

[8] See *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 336 (4) (419 SE2d 143) (1992) ("Appellants have the burden of showing error affirmatively by the record. . . . Where appellants choose to omit the transcript, and it is necessary for a review of the claimed error, they have failed to meet their burden of showing error.") (citations and punctuation omitted).

support Boyd's claim that the Appellees' motion to dismiss was converted into a motion for summary judgment.[9]

2. Boyd contends that the trial court erred in determining that the intracorporate privilege applied to the Appellees' defamatory statements. We agree.

"A cause of action for defamation consists of four elements: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm."[10]

Under the second element, "[t]he publication of the libelous matter is essential to recovery."[11]

> Generally, publication is accomplished by communication of the slander to *anyone* other than the person slandered. Over the years, however, an exception to the broad definition of publication has evolved: when the

---

[9] See *Cooper v. Commercial Union Ins. Co.*, 192 Ga. App. 815, 815-816 (1) (386 SE2d 551) (1989).

[10] *Infinite Energy v. Pardue*, 310 Ga. App. 355, 356 (1) (713 SE2d 456) (2011) (punctuation and footnote omitted); see OCGA § 51-5-1 (a) ("A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule.").

[11] OCGA § 51-5-1 (b).

communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive [the] information, there is no publication of the allegedly slanderous material, and without publication, there is no cause of action for slander.[12]

"Importantly, though, not all intracorporate statements come within the exception, only those statements *received by one who because of his duty or authority has reason to receive the information*."[13]

The trial court found that the intracorporate exception applied because Boyd and Jahn were "coworkers, both working within the Atlanta Veterans Benefits Administration[.]" When considered in the light most favorable to Boyd,[14] the allegations of the complaint do not "disclose with certainty that [Boyd] would not be entitled to relief under any state of provable facts asserted in support thereof."[15] The facts could show that Boyd and Jahn worked for two separate and distinct entities that

[12] *Terrell v. Holmes*, 226 Ga. App. 341, 342 (1) (487 SE2d 6) (1997) (citations and punctuation omitted; emphasis supplied).

[13] *RCO Legal, P.S. v. Johnson*, 347 Ga. App. 661, 673 (2) (c) (iii) (820 SE2d 491) (2018) (citation and punctuation omitted; emphasis supplied).

[14] See *Southstar Energy Svcs.*, 286 Ga. at 710 (1).

[15] See *Babalola*, 324 Ga. App. at 752 (2).

were not engaged in a joint venture or undertaking at the time of the statements.[16] Thus, any communication that Jahn made to the Department (which was Boyd's employer, but not Jahn's) constituted a "publication." Moreover, any communications Jahn made to his coworkers at the DAV were "publications" *unless* the coworkers had reason to receive the information because of their duty or authority.[17] Under these circumstances, "[i]t is possible that [Boyd] could introduce evidence within the framework of the complaint establishing that defamatory statements were disseminated to [Department and/or DAV] employees who had no duty or authority giving them reason to receive the information."[18]

---

[16] See *Saye v. Deloitte & Touche, LLP*, 295 Ga. App. 128, 133-135 (1) (b) (670 SE2d 818) (2008) (declining to treat an accounting firm and its audit client as a single entity for the purpose of a defamation claim filed by an employee of the client and holding that, as a result, the trial court erred in granting the firm's motion to dismiss); cf. *Galardi v. Steele-Inman*, 266 Ga. App. 515, 519-520 (2) (597 SE2d 571) (2004) (Where a promoter and an adult entertainment club, although separate corporations, were engaged in a joint enterprise for the purpose of conducting a pageant, a club employee's communication to the promoter's CEO about alleged violations of pageant rules was privileged.).

[17] See *Terrell*, 226 Ga. App. at 342 (1); see also *Galardi*, 266 Ga. App. at 519 (2).

[18] See *Scouten v. Amerisave Mortgage Corp.*, 283 Ga. 72, 73-74 (2) (656 SE2d 820) (2008) (citation omitted) (holding that a complaint sufficiently stated a claim for relief based on defamation, including the required element of publication, and that dismissal was therefore error).

8

For example, the complaint identifies two DAV employees to whom Jahn made the allegedly defamatory statements, one of whom, according to the Appellees' answer, was Jahn's supervisor. Although Jahn's supervisor may have had the duty or authority to receive the information, the allegations of the complaint do not disclose with certainty that the other employee (whom the complaint also alleges Jahn "coached" to make false statements) had any such authority.

Alternatively, the Appellees contend that Boyd has failed to allege any statement made by the DAV and, thus, failed to establish the first element of a claim for defamation with respect to the DAV. Generally, an employer is not liable for the slanderous utterances of its employees unless the employee had been directed or authorized to slander the plaintiff.[19] The allegations of the complaint against the DAV, however, do not "disclose with certainty" that Jahn's DAV supervisor had not directed Jahn to file a false complaint with the Department.[20] Because, "within the framework of the complaint, evidence may be introduced which will sustain a grant

[19] See *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 75 (3) (532 SE2d 463) (2000) ("[T]he doctrine of respondeat superior does not apply in slander cases, and a corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff.") (footnote omitted).

[20] See *Babalola*, 324 Ga. App. at 752 (2).

9

of relief to [Boyd], the complaint is sufficient."[21] Therefore, the trial court erred in granting the Appellees' motion to dismiss.

*Judgment reversed and case remanded. Barnes, P. J., and McMillian, J., concur.*

---

[21] See id. (citation and punctuation omitted).