# Court of Appeals
# of the State of Georgia

ATLANTA,  January 19, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0842. THASHA BOYD v. DISABLED AMERICAN VETERANS, et al.**

Thasha Boyd sued Disabled American Veterans ("DAV") and its employee, Matthew Jahn, for defamation.[1] The trial court initially dismissed the case, but this Court reversed and remanded, finding that the allegations of the complaint were sufficient to set forth a claim for defamation. *Boyd v. Disabled American Veterans*, 349 Ga. App. 351 (826 SE2d 181) (2019). After the close of discovery in the trial court, DAV and Jahn moved for summary judgment. The trial court granted that motion, and this Court affirmed the judgment in an unpublished opinion. *Boyd v. Disabled American Veterans*, Case No. A20A1883 (January 12, 2021). Following remittitur, Boyd filed three post-trial motions: (1) a motion to set aside the judgment under OCGA § 9-11-60 (d) (2); (2) a motion to strike the defendants' pleadings and the trial court's grant of summary judgment on the grounds that they violated Georgia's anti-SLAPP statute, OCGA § 9-11-11.1; and (3) a motion to recuse the trial judge. The trial court denied all three motions in a single order,[2] and Boyd then filed this direct appeal.

Both Boyd's motion to set aside and motion to strike sought to challenge a final judgment that this Court affirmed in a previous appeal. "It is axiomatic that the same

---

[1] Boyd's claims were based on sexual harassment complaints Jahn filed against Boyd with her employer, the Department of Veterans Affairs.

[2] In that same order, the trial court also denied the defendants' motion for attorney fees under OCGA § 9-15-14 (b).

issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Jordan v. State*, 253 Ga. App. 510, (2) (559 SE2d 528) (2002) (punctuation omitted). See also *PHF II Buckhead LLC v. Dinku*, 315 Ga. App. 76, 78–79 (1) (726 SE2d 569) (2012) (a decision of this Court constitutes res judicata, and bars subsequent appeals from the same judgment). Accordingly, our previous decision affirming the grant of summary judgment bars Boyd from challenging that judgment by way of a motion to set aside or motion to strike. See *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

Furthermore, the fact that the case is no longer pending in the court below moots the issues raised by Boyd's motion to recuse the trial judge. See *Richards v. Wells Fargo Bank, N.A.*, 325 Ga. App. 722, 726 (5) (b) (754 SE2d 770) (2014) (for appellate purposes, a motion is moot if a ruling would have no practical effect on the case); OCGA § 5-6-48 (b) (3) (an appeal may be dismissed when the questions presented have become moot).

Because the issues Boyd seeks to raise are barred by res judicata and/or are moot, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___01/19/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.