**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 23, 2024**

# In the Court of Appeals of Georgia

A24A1165. McQUEEN v. LONG.

DILLARD, Presiding Judge.

Frances McQueen filed a lawsuit against Clarence Long (her former legal counsel), alleging Long breached a fiduciary duty when he failed to competently represent her in an earlier medical-malpractice suit. Long answered and moved to dismiss the complaint, arguing that it failed to include an expert affidavit as required by OCGA § 9-11-9.1. One week later, McQueen moved to disqualify Long's counsel on the ground that he had also represented her as Long's co-counsel in the medical-malpractice suit. The trial court granted McQueen's motion to disqualify Long's counsel and, shortly thereafter, granted Long's motion to dismiss. On appeal, McQueen contends the trial court erred by failing to issue a written order dismissing

the case, granting the motion to dismiss after disqualifying Long's counsel, and dismissing her complaint for failure to include an expert affidavit. For the following reasons, we vacate the trial court's ruling granting the motion to dismiss and remand the case for further proceedings consistent with this opinion.

Construing the pleadings in the light most favorable to McQueen,[1] the record shows that, in 2018, McQueen hired Long to represent her in a medical-malpractice action against a nursing home. Specifically, McQueen alleged that professional negligence by employees of the facility resulted in her husband's death. Long filed the malpractice action in March 2018, but the case was dismissed on October 3, 2019, allegedly on the ground that the complaint failed to include the required expert affidavits.

Subsequently, on October 3, 2023, McQueen filed the underlying lawsuit against Long in the State Court of Fulton County, alleging that Long breached a fiduciary duty owed to her when he failed to competently represent her in the medical-malpractice action against the nursing home. On November 3, 2023, Long—who was

---

[1] *See Zephaniah v. Ga. Clinic, P.C.*, 350 Ga. App. 408, 410 (829 SE2d 448) (2019) (noting that in reviewing a motion to dismiss for failure to state a claim, we construe the pleadings in "the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor" (punctuation omitted)).

now represented by the attorney who served as his co-counsel in McQueen's medical-malpractice action—filed an answer and a motion to dismiss the complaint, arguing that it alleged professional negligence—despite characterizing the claim as one for breach of fiduciary duty—but failed to include an expert affidavit as required by OCGA § 9-11-9.1.

One week later, McQueen filed a motion to disqualify Long's counsel. Specifically, McQueen argued that Long's current counsel had also represented her when he served as Long's co-counsel in the medical-malpractice case against the nursing home, and thus had a conflict of interest.[2] Based on our review of the record, Long filed no response to McQueen's motion; and similarly, McQueen filed no response to Long's motion to dismiss the complaint for failure to include an expert affidavit.

Nevertheless, nearly two months later (on January 4, 2024), the trial court granted McQueen's motion to disqualify Long's counsel by stamping "GRANTED"

---

[2] *See* Ga. R. of Prof'l Conduct Rule 1.9 (a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former gives informed consent, confirmed in writing.").

on the first page of the motion, signing underneath the stamp, and filing it with the clerk. Then, on January 25, 2024, the trial court also granted Long's motion to dismiss the complaint, again doing so by stamping "GRANTED" on the first page of the motion, signing just above the stamp, and filing it with the clerk. Long did not appeal the disqualification of his counsel, but McQueen's appeal of the dismissal of her complaint follows.

In her second enumeration of error, McQueen contends the trial court erred by granting the motion to dismiss *after* disqualifying Long's counsel. Essentially, McQueen argues that even though the motion to dismiss was filed before her motion to disqualify counsel, once Long's counsel was disqualified, it was fundamentally unfair for the trial court to reach an issue presented by that counsel. And claiming that no Georgia caselaw addresses this precise issue, McQueen nonetheless asserts the trial court's ruling on the motion to dismiss amounted to plain error. But this latter assertion is mistaken, as plain-error review is not available for this issue because such review is

> limited to the sentencing phase of a trial resulting in the death penalty, a trial judge's expression of opinion in violation of OCGA § 17-8-57, and a jury charge affecting substantial rights of the parties as provided under

OCGA § 17-8-58 (b), and, for cases tried after January 1, 2013, with regard to rulings on evidence, a court is allowed to consider plain errors affecting substantial rights although such errors were not brought to the attention of the court.[3]

That said, McQueen's concerns are not entirely unfounded. Although we are not beholden to the federal courts on this issue,[4] we nevertheless find their reasoning persuasive. Significantly, in determining the implications of applying a conflict-of-interest rule nearly identical to the Georgia rule at issue here,[5] those courts have held that a "[trial] court must rule on a motion for disqualification of counsel prior to

---

[3] *Hill v. State*, 310 Ga. 180, 186 (3) (850 SE2d 110) (2020) (punctuation omitted); *see* OCGA § 24-1-103 (d) ("Nothing in this Code section shall preclude a court from taking notice of plain errors affecting substantial rights although such errors were not brought to the attention of the court.").

[4] *See Southstar Energy Servs., LLC v. Ellison*, 286 Ga. 709, 713 (1) (691 SE2d 203) (2010) ("While we are at liberty to consider such authority, the appellate courts of this state are not bound by decisions of federal courts except the United States Supreme Court." (punctuation omitted)); *accord Balmer v. Elan Corp.*, 278 Ga. 227, 229-30 (599 SE2d 158) (2004); *Rodgers v. First Union Nat. Bank of Georgia*, 220 Ga. App. 821, 822 (470 SE2d 246) (1996).

[5] *See* Model Rules of Prof'l Conduct R. 1.9 (a) (2011) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in . . . a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.").

ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely."[6] And importantly, the federal courts have further added that, generally speaking, "when counsel is disqualified, a court should not reach the other questions or motions presented to it through the disqualified counsel."[7]

Here, we agree the trial court correctly ruled on the motion to disqualify Long's counsel *before* ruling on Long's motion to dismiss McQueen's complaint for failure to attach an expert affidavit. But despite disqualifying Long's counsel, the court then proceeded to rule on the dispositive motion filed by that same disqualified counsel. Even so, given the rather cursory nature of the trial court's ruling on Long's motion to dismiss, we are unable to discern if it considered the implications of ruling on a

---

[6] *Bowers v. The Ophthalmology Grp.*, 733 F3d 647, 654 (III) (6th Cir. 2013); *see also Grimes v. District of Columbia*, 794 F3d 83, 90 (II) (D.C. Cir. 2015) (holding that although "a district court enjoys broad discretion in managing its docket and determining the order in which a case should proceed," that "discretion is limited, however, in circumstances such as these" because "a conflict of interest could affect the fairness and impartiality of the proceeding, or the perception of fairness and impartiality," and, as a result, "a plausible claim of conflict must be resolved before allegedly conflicted counsel or the court takes further action in the case."); *accord Tymiak v. Comm'r Social Security*, 844 FedAppx 537, 546 (IV) (B) (3rd Cir. 2021).

[7] *Bowers*, 733 F3d at 654 (III); *accord Grimes*, 794 F3d at 90 (II).

motion filed by disqualified counsel or if circumstances not apparent in the appellate record rendered such considerations unnecessary. For instance, given that Long is represented in this appeal by different counsel, had this counsel been substituted prior to the trial court's ruling on the motion to dismiss? Or did the trial court believe the disqualification was not a cause for great concern in ruling on a dispositive motion that exclusively relied on pleadings?[8]

Answering these questions is, of course, not our remit, as we are "a court of review, not of first view."[9] As a result, we may remand a case for "further factual findings when the trial court's order lacks sufficient detail to enable meaningful appellate review."[10] And this is such a case. So, given that the trial court's ruling

---

[8] *See Bowers*, 733 F3d at 655 (III) n.5 (speculating that a district court addressing a dispositive motion before a motion to disqualify counsel is not as a great a concern when the dispositive motion is "a Rule 12 (b) (6) motion to dismiss because, unlike a [motion for summary judgment] that relies on evidence, a Rule 12 (b) (6) motion is based solely on the pleadings").

[9] *State v. Jennings*, 362 Ga. App. 790, 796 (1) (c) (869 SE2d 183) (2022) (punctuation omitted); *accord Cutter v. Wilkinson*, 544 U.S. 709, 718 (I) (B) n.7 (125 SCt 2113, 161 LE2d 1020) (2005).

[10] *Jennings*, 362 Ga. App. at 796 (1) (c); *see Williams v. State*, 301 Ga. 60, 62 (799 SE2d 779) (2017) ("Given the uncertainty in the trial court's order regarding the basis for its ruling, this Court must vacate the opinion of the Court of Appeals and remand for the Court of Appeals to remand this case to the trial court for further clarification

granting Long's motion to dismiss does not allow us to determine if it considered the implications of such a ruling despite previously disqualifying the counsel who filed it, we vacate and remand for the trial court to address this issue in the first instance.[11]

*Judgment vacated and case remanded. Brown and Padgett, JJ., concur.*

---

on the specific findings that form the basis for its legal conclusions with regard to [the] motion to suppress."); *Weintraub v. State*, 352 Ga. App. 880, 889 (1) (836 SE2d 162) (2019) ("Our Supreme Court has instructed that we may remand for further factual findings where the trial court's order lacks sufficient detail to enable meaningful appellate review.").

[11] *See Flanders v. State*, 360 Ga. App. 855, 855 (862 SE2d 152)(2021) ("Given the trial court's failure to address [the] claim, we must vacate the trial court's order to the extent it at least implicitly denied that claim and remand for the trial court to address the claim in the first instance." (footnote omitted)); *Parnell v. Sherman & Hemstreet, Inc.*, 364 Ga. App. 205, 211-12 (2) (a) (874 SE2d 394) (2022) (vacating and remanding because trial court did not make explicit finding or rule upon whether party's petition for temporary injunction was sufficiently verified); *Jennings*, 362 Ga. App. at 795-96 (1) (c) (vacating and remanding grant of motion to suppress because we could not determine if trial court addressed State's alternative arguments raised below).